UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEVON JOESPH ANDERSON,<br><br>                Petitioner,<br><br>v.<br><br>ALICIA G. CARVER,<br><br>                Respondent. | Case No. 1:25-cv-00516-REP<br><br>**INITIAL REVIEW ORDER** |

Idaho prisoner Devon Joesph Anderson has filed an Amended Petition for Writ of Habeas Corpus challenging his Boise County conviction for burglary.[1] *See* Dkt. 11. The Court now reviews the petition to determine whether it is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules"). Having reviewed the record, the Court enters the following Order directing Petitioner to file a second amended petition if Petitioner intends to proceed.

REVIEW OF PETITION

1. **Standard of Law for Review of Petition**

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody

---

[1] This case was previously severed from another of Petitioner's habeas cases. *See* Dkt. 2 (opening the instant action case as a habeas corpus challenge to Petitioner's Boise County conviction). Petitioner was instructed to file an amended petition, which he has now done.

INITIAL REVIEW ORDER - 1

violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court is required to review a habeas corpus petition upon receipt to determine whether it is subject to summary dismissal. Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

2. Discussion

In the Fourth Judicial District Court in Boise County, Idaho, Petitioner pleaded guilty to burglary in violation of Idaho Code § 18-401. The judgment of conviction was entered on November 15, 2016. Petitioner received a unified sentence of six years in prison with two years fixed. *Am. Pet.* at 1–2.

Habeas relief is not available if the petitioner is not "*in custody* pursuant to the judgment of a State court" at the time of the filing of the petition. 28 U.S.C. § 2254(a) (emphasis added); *see also Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (per curiam) ("We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."). If a petitioner has fully served his sentence for a conviction prior to the date he filed the habeas case challenging that conviction, the Court lacks subject matter jurisdiction over the petition. *See Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001) ("[The petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions[] and therefore cannot bring a federal habeas petition directed solely at those convictions."). Even if a petitioner is in custody on a different conviction, the Court lacks

jurisdiction if the petitioner has already fully served his sentence on the *challenged* conviction.

Given that Petitioner was sentenced to six years in prison in 2016, it seems Petitioner might have fully served his sentence for the burglary conviction before he filed his initial petition in December 2024. Indeed, Petitioner apparently is currently incarcerated only on a first-degree stalking conviction—*not* on the burglary conviction challenged in this case. *See Idaho Department of Correction Resident/Client Search*, https://www.idoc.idaho.gov/content/prisons/resident-client-search/details/109493 (accessed Jan. 22, 2025).

Accordingly, Petitioner must file a second amended petition setting forth any reason why Petitioner believes this case is not subject to dismissal for lack of jurisdiction. If Petitioner's sentence for the burglary conviction was served over multiple periods of time—for example, if probation or parole was revoked—Petitioner must set forth the dates of each of these custodial periods, as well as the amount of any credit he was granted for time served.

**ORDER**

**IT IS ORDERED:**

1. Within 28 days after entry of this Order, Petitioner must file a second amended petition as described above. If Petitioner fails to file a timely second amended petition, or if it appears from the face of the petition that Petitioner is not entitled to relief, this case may be dismissed without further notice. Dismissal in this manner would operate as an adjudication

on the merits and would prevent Petitioner from re-filing a federal habeas corpus petition challenging the same conviction or sentence.

2. Because a second amended petition is required for Petitioner to proceed, Petitioner's request for appointment of counsel (contained in the Amended Petition) is DENIED without prejudice. Petitioner may renew the request for counsel in a second amended petition.

DATED: March 6, 2026

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge